ORIGINAL

# In the United States Court of Federal Claims

No. 17-417C

(Filed: December 13, 2017)

FILED
DEC 1 3 2017
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| HOWARD ROBINSON,<br><br>        Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>        Defendant. | Pro Se Complaint; Dismissal for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure to State a Claim upon which Relief Can Be Granted; RCFC 12(b)(1); RCFC 12(b)(6); Claim for Reinstatement of Health Coverage for Minor Children Irrespective of State Court Order. |

Howard Robinson, Hendersonville, TN, pro se.

John S. Groat, Trial Attorney, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Deborah A. Bynum, Assistant Director, United States Department of Justice Civil Division, Washington, DC. Debra Petcove, Senior Counsel, United States Office of Personnel Management, Washington, DC, of counsel.

OPINION

CAMPBELL-SMITH, Judge.

    This matter is before the court on defendant's motion to dismiss the complaint, brought under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). This motion has been fully briefed, as follows: Defendant's Motion, ECF No. 7; Plaintiff's Response, ECF No. 8; Defendant's Reply, ECF No. 9; Plaintiff's Sur-Reply, ECF No. 11; and, Defendant's Final Brief, ECF No. 13.[1]

    On March 20, 2017, Mr. Howard Robinson filed suit in this court against the United States, requesting approximately $8600 in monetary damages and asking the court to vacate the Office of Personnel Management [OPM] "decision to remove [his] children

---

[1] All document references and page citations are to the electronic record preserved in the court's Case Management/Electronic Case Files (CM/ECF) system.

7017 1450 0000 1346 0522

from [his] health care plan and [to] reinstate the removed or deleted children as insured." Compl., ECF No. 1 at 3. The government asserts that there is no jurisdiction in this court for such claim. Alternatively, the government argues that the facts alleged in the complaint do not state a claim upon which relief can be granted. The motion is now ripe for a ruling. For the reasons set forth below, defendant's motion is **GRANTED**.

I. Legal Standards

 A. Pro Se Litigants

The court observes that Mr. Robinson is proceeding pro se and thus, is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint, plaintiff's briefs, and attachments thereto thoroughly to discern plaintiff's legal arguments.

 B. Subject Matter Jurisdiction

When rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), this court must presume all undisputed factual allegations in the complaint to be true and construe all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). However, plaintiff bears the burden of establishing subject matter jurisdiction, Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, Reynolds, 846 F.2d at 748 (citations omitted). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

This court's jurisdiction, based on the Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), is a grant of

> jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Id. The Tucker Act functions as a jurisdictional statute, but plaintiffs in this court also must ground their substantive right to bring an action in a specific source of law. United States v. Testan, 424 U.S. 392, 400 (1976). The United States Supreme Court has stated that in general, this court may entertain a suit only if it is founded upon a claim for money allegedly due to the plaintiff from the government. Id. at 397-98; see also Kanemoto v. Reno, 41 F.3d 641, 644-45 (Fed. Cir. 1994) (noting that, with limited exceptions, only monetary relief is available from this court). This aspect of the jurisdictional inquiry focuses on whether plaintiff has identified a "money-mandating" source of law. Huston v. United States, 956 F.2d 259, 261 (Fed. Cir. 1992). Also, it is well-established that this court has no power to review, alter or reverse the decisions of a state court. E.g., Lord Noble Kato Bakari El v. United States, 127 Fed. Cl. 700, 704 (2016) (citations omitted).

      C.    Failure to State a Claim upon Which Relief Can Be Granted

It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). When considering a motion to dismiss brought under RCFC 12(b)(6), "the allegations of the complaint should be construed favorably to the pleader." Scheuer, 416 U.S. at 236. The court must inquire, however, whether the complaint meets the "plausibility" standard described by the Supreme Court, that is, whether it adequately states a claim and provides a "showing [of] any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560, 563 (2007) (Twombly) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Iqbal) (quoting Twombly, 550 U.S. at 570).

As the United States Court of Appeals for the Federal Circuit has explained:

> We must presume that the facts are as alleged in the complaint, and make all reasonable inferences in favor of the plaintiff. To state a claim, the complaint must allege facts plausibly suggesting (not merely consistent with) a showing of entitlement to relief. The factual allegations must be enough to raise a right to relief above the speculative level. This does not require the plaintiff to set out in detail the facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face.

Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citations and internal quotations omitted). In its application, the plausibility standard has frequently been described as "context-specific." See, e.g., Iqbal, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

3

requires the reviewing court to draw on its judicial experience and common sense.") (citation omitted).

II. Discussion

    A. The Court Does Not Have Jurisdiction to Hear Plaintiff's Claims

Mr. Robinson alleges that his rights to insurance coverage were established through his status as a federal employee and continue through his status as a "retired Annuitant" of the Department of Defense. ECF No. 1 at 2. Defendant does not dispute these allegations, but argues that nothing in the statutory scheme establishing those health insurance benefits mandates compensation by the United States for the OPM error alleged by plaintiff in the complaint. ECF No. 7 at 6 & n.4. The court must agree with defendant.

The court first discusses Mr. Robinson's request for monetary relief. Mr. Robinson has the burden of establishing the statutory basis for the monetary damages he seeks in this suit. But, Mr. Robinson has offered nothing in his complaint, his response brief, or his sur-reply brief, that identifies a money-mandating provision of law to support the requested monetary recovery. See ECF No. 9 at 1-2; ECF No. 13 at 2-3. Defendant contends that the Federal Employees Health Benefits Act (FEHBA), 5 U.S.C. §§ 8901-8914 (2012), governs this general area of the law, and further contends that this statute contains no provision that mandates compensation from the United States for beneficiaries if mistakes are made, as alleged here, in the insurance coverage of the insured's children. ECF No. 7 at 1-2, 6-7. The court finds defendant's analysis to be correct and to be well supported by decisions of this court. See, e.g., Rosano v. United States, 9 Cl. Ct. 137, 143-44 (1985) (holding that FEHBA contains no money-mandating provision which supports an insured's claims against the United States in this court), aff'd, 800 F.2d 1126 (Fed. Cir. 1986).

Mr. Robinson argues, generally, that the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010), and the Federal Employees Health Benefits Children's Equity Act of 2000, Pub. L. No. 106-394, 114 Stat. 1629 (codified at 5 U.S.C. §§ 8421a(5), 8905(h)(1)-(3) (2012)), require that his children continue to receive coverage under his health insurance plan. See ECF No. 8 at 1, 4-6, 9-10; ECF No. 11 at 1. Mr. Robinson fails, however, to point to any provision in these sources of law which mandate compensation for the errors he claims OPM committed. The court therefore finds that plaintiff has not sustained his burden to point to a money-mandating provision of law that supports his claim. Without a money-mandating source of law, Mr. Robinson's suit must be dismissed for lack of jurisdiction.

The court turns next to address any non-monetary claims which might be discerned in the complaint. To the extent that Mr. Robinson seeks a declaratory

4

judgment that OPM must reinstate his children under his health plan, the law is clear that this court has no power to issue declaratory judgments of this nature. E.g., Beachboard v. United States, 727 F.2d 1092, 1094 (Fed. Cir. 1984) (citations omitted). Further, to the extent that the complaint and plaintiff's response brief could be read to include a request that this court invalidate or otherwise reverse the state court decision which prompted OPM to remove Mr. Robinson's three children from his health coverage, the court is powerless to review the decisions of state courts. Lord Noble, 127 Fed. Cl. at 704. In addition, to the extent that plaintiff seeks correction of his health benefits records to reverse OPM's decision to remove his three children from his health insurance coverage, under 28 U.S.C. § 1491(a)(2), this court can only correct administrative records in cases where subject matter jurisdiction is otherwise provided by a money-mandating statute. See ECF No. 13 at 3 (citing Testan, 424 U.S. at 404 and Voge v. United States, 844 F.2d 776, 781 (Fed. Cir. 1988)). Thus, the court cannot reach any of plaintiff's non-monetary claims that might be discerned in the complaint.

Finally, to the extent that the complaint could be read to assert that Mr. Robinson has a contract with the United States for the provision of health care benefits, see ECF No. 1 at 1 (discussing OPM's decision to terminate plaintiff's "Health Care Contract"); ECF No. 11 at 6 (stating that OPM "created a Constructive Change to the contract garnishment being administered), the general jurisprudential rule is that federal employees' rights to benefits are created by statute, not by contract. See, e.g., Schism v. United States, 316 F.3d 1259, 1268 (Fed. Cir. 2002) (en banc) ("Benefits for retired military personnel -- and for civilian retired federal employees, for that matter -- depend upon an exercise of legislative grace, not upon principles of contract, property, or 'takings' law.") (citations omitted); Shaw v. United States, 640 F.2d 1254, 1260 (Ct. Cl. 1981) (stating that "plaintiff may not base his theory of recovery on contract law since he was a federal employee"). The court thus concludes that there is no jurisdiction to hear any of the claims that are presented in plaintiff's complaint.

For the sake of completeness, the court alternatively considers whether plaintiff has stated a claim upon which relief can be granted.

      B.      The Complaint Fails to State a Claim upon Which Relief Can Be Granted

Defendant argues, and the court must also agree, that the facts as alleged in the complaint do not present a plausible claim for relief. The gravamen of this action is that some provision of law requires OPM to extend to three of Mr. Robinson's children his health insurance under FEHBA. In considering plaintiff's complaint, the court takes judicial notice of the state court decision requiring Mr. Robinson to remove these children from his federal health plan. See ECF No. 1 at 2 (noting the removal of the children from coverage as of July 2014); ECF No. 8 at 4 (referencing the state court "divorce decree" of December 10, 2013); Def.'s Mot. Ex. 1, ECF No. 7-1 at 8 (state court order dated December 10, 2013 requiring plaintiff to remove the children from his federal

5

health insurance). The law permits the court to take judicial notice of this state court order because: (1) it is a public record; (2) it is central to the dispute; and (3) neither party disputes the authenticity of the record. See, e.g., Advanced Software Design Corp. v. Fed. Reserve Bank of St. Louis, 583 F.3d 1371, 1379 n.3 (Fed. Cir. 2009) (taking judicial notice of a proceeding before the Government Accountability Office); Sebastian v. United States, 185 F.3d 1368, 1374 (Fed. Cir. 1999) ("In deciding whether to dismiss a complaint under Rule 12(b)(6), the court may consider matters of public record.") (citations omitted); Anchor Sav. Bank, FSB v. United States, 121 Fed. Cl. 296, 318 (2015) (taking judicial notice of court orders and filings in other litigation).

As defendant notes, plaintiff has pointed to no provision of law that compels OPM to maintain his children under his health plan after a state court has ordered him to remove the children from such coverage. The court has carefully considered the import of 5 U.S.C. § 8905(h) (2012), the provision of law referenced by plaintiff, see ECF No. 8 at 6; Pl.'s Resp. Ex. 4, ECF No. 8-1 at 6; ECF No. 9 at 3; ECF No. 11 at 1, and agrees with defendant that this statute has no applicability to this case. In essence, section 8905(h) compels OPM to respond to a court order mandating health insurance coverage for the child of a federal employee. See 5 U.S.C. § 8905(h). But the court order here has required just the opposite, specifically that Mr. Robinson remove his children from his health plan. The court discerns no plausible violation of any specific law referenced either in the complaint or in Mr. Robinson's response and sur-reply briefs. Accordingly, because the complaint fails to state a claim upon which relief can be granted, it must be dismissed pursuant to RCFC 12(b)(6).[2]

III. Conclusion

Mr. Robinson does not bring claims over which this court has jurisdiction. Nor does his complaint state a claim upon which relief can be granted. For these reasons, defendant's motion to dismiss, ECF No. 7, is **GRANTED**. The clerk's office is directed to **ENTER** final judgment in favor of defendant **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Judge

---

[2] The court does not believe transfer of this case to another federal court would be in the interest of justice because the complaint fails to state a claim upon which relief can be granted.